UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HOTTON,<br><br>   Plaintiff,<br><br>  v.<br><br>L & S LAND CO., et al.,<br><br>   Defendants. | Case No. 19-cv-05500-SI<br><br>**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**<br><br>Re: Dkt. No. 1 |

Mark Hotton, an inmate currently incarcerated at the Federal Correctional Institution – Fort Dix in New Jersey, filed this *pro se* civil action and applied to proceed *in forma pauperis*. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915.

**BACKGROUND**

The complaint is dated October 9, 2018, and was sent to the court in an envelope in which there also was a certificate of service and enclosure letter dated August 12, 2019. The complaint was stamped filed on August 30, 2019. Under the prisoner mailbox rule, the complaint is deemed filed as of the date a *pro se* prisoner gives a document to prison officials to mail to the court. *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009). The court assumes for present purposes that Hotton gave the envelope to prison officials to mail to the court on the day he signed the certificate of service and enclosure letter, and deems the complaint to have been filed on August 12, 2019.

The complaint alleges a breach of contract. Hotton allegedly loaned to defendants $100,000 at 10% interest on May 5, 2005, with the loan being due and payable at the expiration of a 12-month period. Docket No. 1 at 2. (A promissory note dated May 5, 2005, apparently bearing the signature of Defendant Scardigli on behalf of L & S Land Co., a California Partnership, and with a blank

signature line for Defendant Albert Laudel is attached to the complaint. Docket No. 1 at 4.) Defendants allegedly "continuously promised to satisfy the promissory note, misleading Plaintiff that note would be satisfied up & through October 12, 2012 and again in 2013." *Id.* at 2-3. Defendants allegedly have made no payments of principal or interest on the note and therefore are in default. *Id.* at 3.

Hotton invokes the court's diversity jurisdiction because he is a resident of New York and the other defendants reside in California. *See* 28 U.S.C. § 1332(a) (court has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and the action is between citizens of different States).

**DISCUSSION**

In an action in which a plaintiff seeks to proceed *in forma pauperis*, a district court may screen the complaint to fulfill its duty under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a breach of contract cause of action in California, a plaintiff must allege "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (Cal. 2011).

Plaintiffs are required to file their claims within certain time limits, or forever lose the right to enforce the right to assert the claims. Those time limits are set out in statutes of limitations, such as California's four-year statute of limitations for actions for breach of contract. There appears to be a statute of limitations problem for Hotton.

Under California law, an action upon a "contract, obligation or liability founded upon an instrument in writing" must be brought within four years. Cal. Code Civ. Proc. § 337(a). Generally, the limitations period "runs from the moment a claim accrues." *Aryeh v. Canon Business Solutions, Inc.,* 55 Cal. 4th 1185, 1191 (Cal. 2013). California follows the "'last element'" accrual rule, which

2

provides that the statute of limitations period starts upon the occurrence of the last element essential to the cause of action. *See id.* at 1191. The essential elements for purposes of determining the accrual date are "'wrongdoing, harm, and causation.'" *See id.*

Some events can cause a delay in the start of the limitations period or in the deadline to get to court. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1.

The commencement of the limitation period also may be delayed under the discovery rule which, when applicable, "'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.'" *Aryeh*, 55 Cal. 4th at 1192.

The limitations period also is subject to equitable tolling, which "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than thirteen years after the purported breach of contract occurred. The promissory note was dated May 5, 2005, and called for repayment within a year, or by May 5, 2006. Under the normal four-year limitations period, the deadline to file the action for breach of contract would have been in May 2010, yet Hotton did not file his federal action until more than nine years later, in August 2019. That is far beyond the four-year limitation period for bringing a breach of contract action. And, although Hotton is now incarcerated, he may not have been incarcerated at the time the cause of action accrued, and therefore would not receive the benefit of the tolling provision of California

3

Code of Civil Procedure § 352.1. Even if he was incarcerated at the time the cause of action accrued, the two years of tolling under § 352.1 would not extend his deadline by enough time to make the complaint timely. Hotton must explain why his complaint should not be dismissed as time-barred.

## CONCLUSION

Because the statute of limitations problem appears complete and obvious from the face of the complaint, Hotton is now ORDERED TO SHOW CAUSE why his complaint is not barred by the statute of limitations. He must submit any argument he has to show that the statute of limitations does not bar his claim that defendants breached the May 5, 2005, promissory note. Plaintiff must file his written response no later than **January 10, 2020**. Failure to file the written response to the order to show cause will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: December 9, 2019

_____
SUSAN ILLSTON
United States District Judge